IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MERVIN D. LEHMAN )
)
      Plaintiff, )
)
    v. ) No.
)
CITY OF SWEETWATER, TENNESSEE, )
SWEETWATER POLICE DEPARTMENT, )
OFFICER KURT CANNON, ) JURY DEMANDED
OFFICER CHRIS CORONA, )
OFFICER KELVIN FRANCO, and )
ROBERT and SARAH Hill, individually, )
      Defendants. )

## COMPLAINT

Comes the Plaintiff, hereinabove noted, by and through counsel, and for cause of action against the Defendants herein would show as follows:

## I. INTRODUCTORY STATEMENT

This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 to redress a pattern of egregious constitutional violations committed by the City of Sweetwater, Tennessee, the Sweetwater Police Department, individual officers and homeowners. Between July 2024 and November 2024, Plaintiff Mervin D. Lehman was unlawfully arrested on five separate occasions in connection with a civil property dispute. Each arrest was made without probable cause, and in some cases, in direct violation of a court order expressly affirming Plaintiff's legal right to use the property in question.

The arrests were carried out at the request of a neighboring property owner with whom Plaintiff had an ongoing easement dispute. Rather than investigate the facts or consult public records and court rulings, Officers of the Sweetwater Police Department repeatedly and unlawfully seized the Plaintiff based solely on the neighbor's complaints, effectively weaponizing law enforcement to settle a private civil disagreement. These unconstitutional arrests occurred despite the entry of a mutual court injunction on September 18, 2024, in Monroe County Chancery Court, which specifically confirmed Plaintiff's legal access to the disputed driveway.

As a direct result of the Defendants' unlawful conduct, Plaintiff was deprived of his liberty, jailed for a cumulative period of approximately three weeks, publicly humiliated, and forced to spend thousands on legal fees defending against criminal charges. These actions caused severe emotional distress and reputational harm to Plaintiff and were undertaken with actual malice or, at a minimum, deliberate indifference to Plaintiff's constitutional rights. Further, these actions were not isolated or inadvertent, they constitute a systemic abuse of law enforcement power, carried out under official authority, and reflect either a police or practice of retaliatory enforcement in private land disputes. This action follows.

## II. PARTIES

1. Plaintiff Mervin Lehman is the owner of Lakeshore Vista Properties, LLC, a Tennessee Limited Liability Company, which is the owner of the real property located at 1019 Beardshire Street, Sweetwater, Tennessee 37874.

2. Defendant City of Sweetwater, Tennessee is a governmental entity created and existing in the State of Tennessee.

3. Defendant Sweetwater Police Department is a subdivision of Defendant City of Sweetwater.

4. Defendant Officer Chris Corona at all times material hereto was an officer employed by the Sweetwater Police Department.

5. Defendant Officer Kurt Cannon at all times material hereto was an officer employed by the Sweetwater Police Department.

6. Defendant Officer Kelvin Franco at all times material hereto was an officer employed by the Sweetwater Police Department.

7. Defendants Robert and Sarah Hill are residents of Monroe County, Tennessee and the owner of real property located at 712 Fair Street, Sweetwater, Tennessee 37874 and 1022 Bennett Street, Sweetwater, Tennessee 37874.

## III. STATEMENT OF JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims brought under Title 42 of the United States Code Sections 1983, 1985, and 1986. See 28 U.S.C. §§1331, 1343(a)(3).

9. This Court has further jurisdiction over the Plaintiff's claim to the extent any of the hereinbelow is not deemed to constitute original jurisdiction pursuant to Title 28 of the United States Code Section 1367 through supplemental jurisdiction.

10. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C § 1391 (b)(1) and/or (2), as the events giving rise to the claims occurred in Monroe County, Tennessee.

## IV. STATEMENT OF FACTS

11. Plaintiff Mervin Lehman is the owner of Lakeshore Vista Properties, LLC, a Tennessee Limited Liability Company, which is the registered owner of the real property located at 1019 Beardshire Street, Sweetwater, Tennessee 37874.

12. Between July 15, 2024 and November 12, 2024, Plaintiff was arrested five separate times by Defendants without probable cause.

13. These arrests were initiated based on complaints from a neighboring property owner, Defendants Robert and Sarah Hill, concerning a shared driveway, despite the existence of a recorded easement and a court injunction confirming Plaintiff's right to access.

14. A Mutual Temporary Injunction issued by the Monroe County Chancery Court on September 18, 2024, expressly confirms Plaintiff's ownership of the property in question and the right of ingress and egress via the driveway at issue.

15. Despite this, the Defendants harassed and unlawfully arrested Plaintiff five times over the course of five months causing the Plaintiff immeasurable harm.

16. Upon information and belief, on July 15, 2024, Officer Chris Corona with the Sweetwater Police Department arrested the Plaintiff while exercising his right to move freely on his real property. The neighbors called into emergency services complaining of a trespasser, and instead of checking all the relevant information readily available and without evidence, Officer Corona unlawfully arrested my client taking away his liberty. These baseless charges were ultimately dismissed on October 8, 2024, in the General Sessions Court of Monroe County.

17. Upon information and belief, on September 11, 2024, a complaint to emergency services in Monroe County for Dogs at Large came to the attention of the Sweetwater Police Department. Officer Kurt Cannon was dispatched to the Plaintiff's property. Once Officer Cannon arrived to the property, he came into contact with the Plaintiff and his twenty-pound poodle, Teddy. The

Plaintiff and his dog were on Plaintiff's real property and not trespassing. At all times pertinent to this incident, the Plaintiff's poodle was on the Plaintiff's real property and under the Plaintiff's control. Nevertheless, Officer Kurt Cannon, instead of checking all information and evidence readily available to him, decided to unlawfully try and cite the Plaintiff for a violation of Tennessee Code Annotated § 44-8-408. When the Plaintiff refused to sign said unlawful citation, Officer Cannon illegally arrested the Plaintiff. The Plaintiff was taken to the County Jail where he served approximately six days. These baseless charges were later dismissed on October 8, 2024, in the General Sessions Court of Monroe County, Tennessee.

18. Further, upon information and belief, on September 26, 2024, Officers with the Sweetwater Police Department arrested my client solely off the allegations of a private affiant warrant taken out by the neighbor of the Plaintiff, to wit: Defendant Robert Hill. Mr. Hill alleged that the Plaintiff committed the offenses of Aggravated Criminal Trespass and Vandalism. On the date in question, Plaintiff placed a stake in the driveway of his own real property. This was a baseless warrant, and without looking into the readily accessible information and evidence, Officers of the Sweetwater Police Department unlawfully arrested the Plaintiff and took his civil liberties in violation of his constitutional rights.

19. Upon information and belief, on September 29, 2024, Defendant Officer Kelvin Franco with the Sweetwater Police Department was dispatched to the Plaintiff's property for a complaint by the neighbors for False Imprisonment. The Plaintiff was on his own personal property at the time of the complaint and when Officer Franco arrived at the property. The Plaintiff had his vehicle and a trailer parked on the driveway of his real property clearing brush. He was not impeding the neighbors from leaving their property nor being malicious by cleaning up his own real property. Further, there were other exits available to the complaining neighbors at the time

5

of this alleged offense. Despite these facts, however, Defendant Officer Franco unlawfully seized and arrested the Plaintiff for False Imprisonment when this was clearly not the case. Officer Franco impeded upon the Plaintiff's liberty and caused irreparable mental and emotional anguish unto the Plaintiff by unlawfully arresting him and incarcerating him in the County Jail. Further, these baseless charges were dismissed on October 8, 2024, in the General Sessions Court of Monroe County.

20. Lastly and most egregiously, on November 12, 2024, Defendant Officer Kurt Cannon was again dispatched to the Plaintiff's real property concerning a trespassing complaint issued by the neighboring homeowner. Officer Kurt Cannon made contact with the Plaintiff and became increasingly aggressive. He had a real property map arguing with the Plaintiff over the boundary lines of the Plaintiff's own real property. When the Plaintiff had enough of Officer Cannon's harassing behavior about his own real property, he turned to walk away from the Officer to end the interaction. When he turned, Officer Cannon's arm and the Plaintiff's arm accidentally and minimally brushed each other. Officer Cannon immediately blew up on the Plaintiff stating he was assaulted when the contact was accidental and in no way intentional or malicious. Nevertheless, Officer Cannon unlawfully arrested the Plaintiff for Assault on an Officer and took the Plaintiff to the County Jail in violation of the Plaintiff's constitutional rights.

21. Upon information and belief, the repeated arrests of Plaintiff were not initiated based on any objective investigation or credible evidence but rather were made in direct coordination with Defendants Robert and Sarah Hill, neighboring property owners, who had a known and ongoing civil dispute with Plaintiff.

22. The neighboring landowners, Defendants Robert and Sarah Hill, acting with personal animus and the intent to harass, made repeated complaints to the Sweetwater Police Department that were materially false, exaggerated, or otherwise misleading.

23. Despite the existence of court records and a mutual temporary injunction entered on September 18, 2024, in Monroe County Chancery Court, Sweetwater Police Department and its Officers continued to arrest Plaintiff at the urging of Defendants Robert and Sarah Hill.

24. Officers failed to verify facts, consult property records, or confirm the existence of the injunction prior to taking action. In doing so, they lent official law enforcement powers to private retaliation.

25. On information and belief, there existed an understanding, agreement, or informal practice between the Defendants to repeatedly subject Plaintiff to arrest in order to deter him from exercising his lawful property rights and coerce him into abandoning his use of the shared driveway.

26. The effect of this conspiracy was to deprive Plaintiff of equal protection of the law and to deny him the peaceful enjoyment of his property and his liberty in violation of the United States Constitution.

27. At all relevant times, supervisors and policymakers within Defendants Sweetwater Police Department and City of Sweetwater knew or should have known about this pattern of conduct and failed to take reasonable steps to prevent it.

28. Due to these five unlawful arrests, the Plaintiff spent approximately three weeks in the County Jail and accumulated thousands of dollars in legal fees.

29. The Plaintiff has suffered irreparable, permanent and significant mental and emotional anguish, which has and/or will affect said Plaintiff on a permanent basis.

7

30. The Plaintiff has suffered deleterious effects to his reputation, his standing in the community, and his occupation as a successful businessman and entrepreneur due to these baseless and unlawful arrests.

31. All actions of the above-named individual defendants, whether as a named defendant or co-conspirator, were taken with deliberate indifference to the rights of Plaintiff.

32. The Plaintiff's damages are continuing and unresolved.

## V. CAUSES OF ACTION

### A. 42 U.S.C. §1983 (Fourteenth Amendment Violation/Illegal Seizure of the Plaintiff, Mervin D. Lehman.

#### 1. Individual liability

33. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

34. Under 42 U.S.C. § 1983, a person has a federal cause of action for money damages against an individual or individuals acting under color of state law who deprive(s) another of rights, privileges, or immunities secured by the United States Constitution, treaties and other applicable federal laws.

35. The Due Process Clause of the Fourteenth Amendment prohibits the individual Defendants complained of herein from making an arrest, and absent a court-issued warrant, without probable cause. See U.S. Const. ams. IV, V, XIV.

36. A state actor's illegal detention and/or arrest of an individual pursuant to the Fourth and Fourteenth Amendments is objectively unreasonable conduct in the absence of specific facts constituting probable cause. When no evidence exists and more importantly when no probable

8

Case 3:25-cv-00334-CEA-DCP   Document 1   Filed 07/17/25   Page 8 of 17   PageID #: 8

cause exists, the governmental actor's actions constitute prima facie deliberate indifference to the constitutional rights of the affected parties.

37. The deliberate indifference analysis this Honorable Court must conduct contains two prongs: subjective and objective.

38. In order for a Plaintiff to prevail, he, she or they must establish the individual officer or official's actions constituted the driving force behind the constitutional injury and must further establish the officer in question acted with deliberate indifference to a well-established constitutional right. The federal deliberate indifference test requires the Plaintiff to moreover demonstrate the officer's actions were both objectively (to a reasonable third person observer) and subjectively (to the officer) unreasonable conduct or action. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); accord Estelle v. Gamble, 429 U.S. 97 (1976); but see Brawner v. Scott County, Tenn., 14 F.4th 585 (2021), pet. for rehearing en banc denied, pet. for cert. denied, 143 S. Ct. 84 (2022) (after conferencing the case three times) (holding and affirming a majority of circuit courts' prior decisions but expounding and explaining that when considering an officer's or official's failure to provide adequate medical care for a serious medical need in a jail setting for a pre-trial detained that a Plaintiff need only prove the objective prong).

39. Any reasonable observer, given the facts and circumstances of these illegal arrests of the Plaintiff, would come to the inescapable conclusion that these Defendants' conduct was/were objectively unreasonable so as to shock the conscience of said observer. Any reasonable observer would likewise conclude that these Defendants' conduct constituted an arbitrary and capricious exercise of governmental power. Thus, these Defendants' conduct constitutes an illegal arrest violation (illegal seizure) as to all the arrests of the Plaintiff from July 15, 2024 to November 12,

9

2024 under the Due Process Clause of the Fourteenth Amendment, and they are therefore liable to the Plaintiff for resulting damages.

40. The constitutional rights involved to be free from illegal seizure and liberty violations in the absence of Due Process of law (both 5th and 14th Amendment Due Process) are well-established and incontrovertible rights guaranteed under both the constitution, U.S. Const. ams. V, XIV, and federal law, 42 U.S.C. §§1983-88.

41. The named Defendants individually violated these rights of the Plaintiff because none of them could have subjectively believed the illegal seizure of the Plaintiff was based upon probable cause as the Plaintiff was not trespassing, did not have his dog off his property or out of his control, did not falsely imprison the neighbors, did not vandalize other's property, nor assault an officer at any material time complained of herein.

42. Plaintiff therefore sues the individual officers for their deliberate indifference and seeks the following relief: Economic damages for the cost of attorneys' fees spent in defending the state's criminal action against them, lost wages, loss of earning capacity, and non-economic damages for mental and emotional pain and suffering, mental and emotional anguish, and loss of enjoyment of life; and Attorney's fees pursuant to 42 U.S.C. §1988.

### 2. Municipal and State liability

43. Plaintiff hereby incorporates the preceding paragraphs of this complaint as if fully set forth herein.

44. The Due Process Clause of the Fourteenth Amendment prohibits Defendants Sweetwater Police Department and City of Sweetwater, Tennessee from having any custom, policy, or procedure which would constitute the proximate cause of its officers' deprivation of

any citizen's constitutional rights. Where such a custom, policy, or procedure has resulted in its officers' deprivation of a citizen's constitutional rights under Title 42 of the United States Code section 1983, sovereign immunity is removed, thereby allowing the citizen to recover his damages in a suit against the municipality.

45. Upon information and belief, Defendants City of Sweetwater, Tennessee and the Sweetwater Police Department are liable to Plaintiffs pursuant to 42 U.S.C. §1983 based on its/their history of prior incidences where its police officers engaged in similar prior illegal seizures and removals constituting, therefore, a history of similar incidences establishing a custom thereby rendering these Defendants liable.

46. Upon information and belief, all the municipal and state defendants failed to adequately train their officials and officers for proper tactics and procedures when said officers encounter such a situation. These failures to train proximately and legally caused the constitutional injuries complained of herein. These failures to train are furthermore part and parcel of the policies of said municipal and state Defendants and likewise constitute their custom.

47. Where a municipal or state actor in its official capacity or at a sufficient elevated level of supervisory authority ratifies the unconstitutional actions of its lower-level officials/officers, the same action constitutes ratification of an individual Defendant's civil rights violations, thereby in turn establishing municipal and/or state liability.

48. In this case, and upon information and belief, the municipal Defendants and the state Defendant ratified, through sufficiently elevated levels of supervisory authority, the actions of the individual Defendants, thereby making them liable to Plaintiffs for their constitutional injuries.

11

Case 3:25-cv-00334-CEA-DCP   Document 1   Filed 07/17/25   Page 11 of 17   PageID #: 11

49. Upon information and belief, the Defendants' illegal seizure of the Plaintiff was a direct result of this improper training and the lack of sufficient policies, procedures, custom and/or ratification. Upon information and belief, had the officers been trained properly, they would have employed other tactics in dealing with the Plaintiff and therefore, Plaintiff would not have been illegally seized.

50. The municipal and state Defendants are liable to the Plaintiff because its/their customs, policies, procedures and/or ratification were the proximate cause of the individual officials and officers' deliberate indifference to the Plaintiff's constitutional right to be free from illegal seizure and detention.

51. Plaintiffs therefore sue the City of Sweetwater, Tennessee and the Sweetwater Police Department and seek the following relief: Economic damages for the attorney's fees spent in defending the state's criminal action against him, lost wages, loss of earning capacity, and non-economic damages for mental and emotional pain and suffering, mental and emotional anguish, permanent impairment and disabilities, and loss of enjoyment of life; and Attorney's fees pursuant to 42 U.S.C. §1988.

### B.   Conspiracy to Violate Civil Rights, 42 U.S.C. § 1985.

52. Plaintiff hereby incorporates the preceding paragraphs of this complaint as if fully set forth herein.

53. Defendants Chris Corona, Kurt Cannon, and Kelvin Franco, acting under color of law, and in their official capacities as police officers employed by Defendant Sweetwater Police Department, knowingly and willfully conspired with each other and with Defendants Robert and Sarah Hill with the specific purpose of depriving Plaintiff of the equal protection of the laws, and

his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

54. The conspiracy was motivated by personal animus or an improper purpose, including retaliating against the Plaintiff for exercising his legal property rights and to favor the complainant in a civil land-use dispute.

55. Without question, Defendant Sweetwater Police Department and its individually named Officers herein arrested the Plaintiff numerous times based solely on the complaints of Defendants Robert and Sarah Hill.

56. In furtherance of the conspiracy, the Defendant Officers arrested Plaintiff without probable cause on multiple occasions, initiated baseless criminal proceedings, and ignored standing court orders, all at the direction or urging of the neighboring Defendants Robert and Sarah Hill.

57. The actions taken by the Defendants were not isolated incidents but were the result of a coordinated effort to assist Defendants Robert and Sarah Hill in abusing governmental authority to settle a civil dispute through coercion and unlawful arrests.

58. Defendants' conduct was motivated by improper personal bias, animus against the Plaintiff, and a willful indifference to Plaintiff's constitutional rights.

59. As a direct and proximate result of this unlawful conspiracy, Plaintiff suffered loss of liberty, emotional distress, reputational harm, and substantial financial loss including attorney's fees, and cumulative three weeks in incarceration. Plaintiff is entitled to compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. §1988.

**C.** **Failure to Prevent Civil Rights Conspiracy, 42 U.S.C. § 1986.**

52. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

53. At all relevant times, supervisors and municipal policymakers employed by Defendant Sweetwater Police Department and Defendant City of Sweetwater had or should have had actual knowledge of the unlawful conspiracy to repeatedly arrest and prosecute Plaintiff without probable cause, in violation of his established rights under the United State Constitution.

54. Defendants Sweetwater Police Department and City of Sweetwater had both the authority and the legal obligation to intervene to prevent further violations of Plaintiff's rights, but failed or refused to do so, thereby enabling the continuation of the conspiracy established above.

55. Defendants' failure to act constitutes negligence to prevent the commission of the wrongful acts described above in violation of 42 U.S.C. § 1986.

56. This neglect of duty by supervisory and policymaking officials directly and foreseeably contributed to Plaintiff's injuries, including his unlawful arrests, detentions, emotional distress, reputational harm, and significant financial damages.

57. Plaintiff is therefore entitled to damages, attorney's fees under 42 U.S.C. § 1988, and all other relief deemed appropriate by this Court.

### D.    Claims pursuant to the Tennessee Governmental Tort Liability Act.

58. The Plaintiff would incorporate by reference the foregoing paragraphs of this Complaint.

59. Pursuant to the Tennessee Governmental Tort Liability Act, negligent actions of the employees, agents, officers, or officials of municipalities or counties render the same liable for their actions to an injured party or parties. See T.C.A. § 29-20-101 et seq.

60. There was not at any time relevant hereto sufficient evidence to justify the illegal detentions, seizures, and arrests of the Plaintiff at any time alleged by the arresting and detaining officer of each incident described above.

61. At no time did proper evidence exist to unlawfully arrest and charge the Plaintiff with any of the crimes alleged herein.

62. In addition to the multiple negligent actions of the multiple arresting officers over the period of the five months and five unlawful arrests described herein, these repeated violations of rights and pertinent dismissal of charges constitute notice and a duty to act to the Sweetwater Police Department and the City of Sweetwater. Their failure to act supports the allegations of negligent training and supervision by the Sweetwater Police Department and subsequently the City of Sweetwater. Their ratifications of these said Defendant Officers' actions constitute negligent supervision and institutional negligence.

63. It seems beyond doubt that multiple officers who repeatedly unlawfully seize the same individual without probable cause or reasonable suspicion have not been properly trained, managed, or supervised.

64. The Plaintiff has suffered significant mental and emotional anguish, reputational harm, loss of income, and accumulated thousands in attorney's fees incurred to defend against the negligent actions of these above-mentioned governmental employees and entities.

65. Given the foregoing, Plaintiff would demand recompense in the amount of $500,000.00.

66. Pursuant to the Tennessee Governmental Tort Liability Act, the cap instituted withing the same is lifted wherein the municipality's insurance carrier has coverage in excess of said cap. To the extent the City of Sweetwater has coverage in excess of the cap (a $300,000.00 per

person/per incident), Plaintiff would seek the said coverage, and a lifting of the cap based upon the same.

67. To the extent any new or additional facts are discovered during the discovery process, Plaintiff will seek to amend this complaint. Expected additional causes of actions including but not limited to Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Malicious Prosecution. With leave from the Court, there may also be additional, currently unknown, parties and damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court grant relief as follows:

    a.    Issue process, requiring the Defendants to answer this Complaint.

    a.    Empanel a jury to try this cause.

    a.    Award damages against all Defendants pursuant to the claims brought pursuant to 42 U.S.C. §§ 1983, 1985-86 in the amount of $500,000.00.

    a.    Assume supplemental jurisdiction over the state law claims.

    b.    Award damages against all Defendants pursuant to the Tennessee Governmental Tort Liability Act in the amount of the preceding paragraphs or the limits pursuant to any cap that may apply.

    c.    Award Plaintiff attorney's fees pursuant to 42 U.S.C. § 1988.

    a.    Award costs of this action including discretionary costs.

    a.    Award any other or further relief to which he may be entitled.

Respectfully submitted this 15th day of July, 2025.

/s/ *Aaron M. Kimsey*
Aaron Kimsey, BPR 034521
Attorney for Plaintiffs
127 Joy Street
Sevierville, Tennessee 37862
Phone: (865) 365-4401
Fax:   (865) 365-4403